IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT HEINZMANN<br>349 Middle Park Dr.<br>Souderton, PA 18964<br><br>        Plaintiff,<br><br>v.<br><br>USM, INC.<br>1700 Markley St., Suite 100<br>Norristown, PA 19401<br>    and<br>EMCORE GROUP, INC.<br>1700 Markley St., Suite 100<br>Norristown, PA 19401<br><br>        Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Herbert Heinzmann, (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.  Plaintiff has initiated this action to redress violations by USM, Inc. and EMCORE Group, Inc. (*hereinafter* referred to collectively as "Defendants") for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*), the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 USC §§2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As

---

[1] Plaintiff's PHRA claims are not specifically pleaded below because these claims are not fully administratively exhausted. However, Plaintiff's claims under the PHRA will mirror his ADA and ADEA claims identically. Thus, Plaintiff will move to amend and include such claims after they have been administratively exhausted with the Pennsylvania Human Relations Commission ("PHRC").

a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. Jurisdiction and Venue

2. This action is initiated pursuant to the ADA, the ADEA, and the FMLA. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted his administrative remedies because he timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC (as to his claims under the ADA and the ADEA).

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult with an address as set forth above.

8. Defendant USM, Inc. is a corporation with a location at the above-captioned address (the location at which Plaintiff worked) that engages in providing facilities maintenance services throughout the United States.

9. Defendant EMCORE Group, Inc. is a leading provider of essential facilities maintenance services. Upon information and belief, Defendant USM, Inc. is a subsidiary of Defendant EMCORE Group, Inc.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 54-year-old male.

14. Plaintiff was hired and began work for Defendants in or about July of 2003.

3

15. At the time of his termination from Defendants, on or about January 16, 2017 (discussed further *infra*), Plaintiff was employed with Defendants as a Supplier Service Representative.

16. During Plaintiff's approximate 13.5 years of employment with Defendants, he was a dedicated and hard-working employee, who performed his job well.

17. In fact, throughout the course of Plaintiff's employment with Defendants, he scored generally favorable on his performance reviews and even held an interim supervisory position.

18. Towards the end of Plaintiff's employment with Defendants, he disclosed to Defendants that he suffered from various health conditions, including but not limited to bi-lateral hearing loss, which limited Plaintiff's ability to hear, and Anxiety, which (at times) limited Plaintiff's ability to perform some daily life activities, including but not limited to sleeping, working, and engaging in social interaction.

19. In or about November of 2016, Plaintiff requested a reasonable accommodation for his aforementioned hearing condition, including but not limited to a hearing device for his phone that would regulate the volume; however, Defendants never engaged in the interactive process to determine if they could accommodate Plaintiff's hearing condition.

20. Additionally, in or about December of 2016, Plaintiff requested time off from work under the FMLA to care for and treat for his aforesaid mental health conditions.

21. Plaintiff's request for time off from work under the FMLA was granted and shortly before his January, 2017 termination from Defendants (discussed further *infra*), Plaintiff utilized FMLA leave.

22. On or about January 16, 2017, Plaintiff was terminated from his employment with Defendants, purportedly due to a reduction in business.

23. In connection with his termination from Defendants in January of 2017, Plaintiff was presented with an offer of severance to waive any claims he may have against the company (including claims under the ADA, ADEA and FMLA) and to not apply for re-hire; however, Plaintiff did not accept this offer.

24. Because Defendant's claim that Plaintiff's termination was part of a purported reduction in force (RIF), they provided Plaintiff with a Notice of Separation and listed the ages of terminated employees, which upon information and belief, contained incorrect information, as Plaintiff himself was not even included on the list; therefore, Defendants provided Plaintiff with improper and/or inaccurate notifications required by the Older Workers Benefit Protection Act ("OWBPA").

25. When Plaintiff asked for the aforesaid list of individuals who had been laid off to be corrected and to be sent the revised version, Krista Morse, Director of Human Resources, responded by stating "No corrections to the letter are needed. Thank you."

26. In connection with Defendants purported RIF, other younger and/or non-disabled employees, who were less qualified than Plaintiff were not terminated.

27. Furthermore, while Defendants represented to Plaintiff that his position was being eliminated, upon information and belief, Defendants continued to seek other, younger and non-disabled applicants to fill positions similar to that of Plaintiffs (even on the same day as Plaintiff's termination).

28. Despite performing his job well with Defendants for approximately 13.5 years, Plaintiff was suddenly terminated as part of an alleged layoff, while other non-disabled, younger employees with less experience and less qualifications were retained.

29. Plaintiff believes that the stated reason for his termination is completely pretextual because: (1) he was terminated shortly after taking FMLA-qualifying leave (a reasonable accommodation under the ADA); (2) he was terminated shortly after requesting a reasonable accommodation for his hearing condition; (3) upon information and belief, individuals with less seniority, experience, skills, and qualifications than Plaintiff, who were younger and non-disabled, were retained for the same or similar positions as he once held; and (4) Defendants continued to advertise and seek younger applicants for positions that were similar to that of Plaintiff's (despite telling Plaintiff that his job had been eliminated).

**Count I**
**Violations of the Americans with Disabilities Act ("ADA," as amended)**
**([1] Actual & Perceived & Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**
**– Against Both Defendants –**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff has and continues to suffer from qualifying disabilities under the ADA, which, on occasion, limit some of his daily life activities (discussed *supra*).

32. Shortly before Plaintiff's termination from Defendants in January of 2017, Plaintiff requested an accommodation for his hearing condition and also requested/took medical leave related to his aforementioned health conditions/disabilities.

33. Shortly after taking medical leave for his Anxiety, Plaintiff was terminated from Defendants for completely pretextual reasons.

6

34. Plaintiff seeks relief herein for his termination because such actions by Defendants were motivated by Plaintiff's: (1) known or perceived health problems; (2) record of health conditions; and/or (3) due to Plaintiff's requests for reasonable accommodations.

35. Plaintiff further believes and therefore avers that Defendants failed to accommodate his disability by refusing to engage in the interactive process with him to determine if his hearing condition could be accommodated.

36. These actions as aforesaid constitute violations of the ADAAA.

## Count II
## Violations of the Age Discrimination in Employment Act ("ADEA")
(Wrongful Termination-Age Discrimination)
– Against Both Defendants –

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Plaintiff was terminated as part of an alleged reduction in force; however, younger employees with less seniority, experience, skills, and qualifications were retained in the same and/or substantially similar positions as Plaintiff once held.

39. Furthermore, following Plaintiff's termination, Defendants continued to advertise and seek younger individuals for positions that were substantially similar to that of Plaintiff's.

40. Plaintiff believes and avers herein that his advanced age was a determinative factor in his termination.

41. These actions as aforesaid constitute unlawful retaliation under the ADEA.

## Count III
## Violations of the Family and Medical Leave Act ("FMLA")
### (Interference & Retaliation)
### - Against Both Defendants –

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

44. Plaintiff requested leave from Defendants, his employer(s), with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

45. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

46. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

47. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

48. Defendants committed interference and/or retaliation violations under the FMLA by terminating Plaintiff: (1) for requesting and/or exercising his FMLA rights; (2) by considering Plaintiff's FMLA leave needs; and/or (3) to prevent him from taking further FMLA-qualifying leave in the future.

49. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees based on their disabilities, need for accommodations, and age, and are to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidate and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their wilful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

  G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

              Respectfully submitted,

              **KARPF, KARPF, & CERUTTI, P.C.**

          By: _____
              Ari R. Karpf, Esquire
              3331 Street Road
              Two Greenwood Square, Suite 128
              Bensalem, PA 19020
              (215) 639-0801

Dated: July 26, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| HERBERT HEINZMANN | : | CIVIL ACTION |
| v. | : | |
| USM, INC., ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 7/26/2017 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 349 Middle Park Drive, Souderton, PA 18964

Address of Defendant: 1700 Markley Street, Suite 100, Norristown, PA 19401

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/26/2017    Attorney-at-Law    ARK2484   Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/26/2017    Attorney-at-Law    ARK2484   Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HEINZMANN, HERBERT

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
USM, INC., ET AL.

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Age Discrimination in Employment Act "ADEA" 29USC621; ADA (42USC12101); FMLA (29USC2601

Brief description of cause:
Violations of the ADEA, ADA, FMLA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7/26/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE